IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Pedro Alicea,** | : |
| **Plaintiff,** | : |
| v. | : No. 22-cv-3437-JS |
| **City of Philadelphia et al.,** | : Jury Trial Demanded |
| **Defendants.** | : |

**PLAINTIFF'S UNOPPOSED MOTION FOR
LEAVE TO AMEND THE COMPLAINT**

Plaintiff Pedro Alicea, through counsel, respectfully moves the Court for leave to file the Amended Complaint attached to this Motion, and, in support thereof, asserts as follows:

1. Plaintiff filed the Complaint initiating this action concerning his wrongful conviction and 31-and-a-half year imprisonment on August 26, 2022. The Complaint identified as defendants the City of Philadelphia and 12 individual employees of the Philadelphia Police Department.

2. As a result of plaintiff's efforts to serve the Complaint on the individual defendants, plaintiffs have obtained certain information which requires amendment and/or substitution of defendants.

3. Plaintiff seeks leave to file an Amended Complaint that makes the following changes from the original Complaint:

    a. Identification of the personal representatives for the estates of two previously named deceased defendants for whom estates have been raised: John Ainsley and Francis (Frank) Miller;

    b.  Identification of the following five individuals who are deceased but for whom plaintiff has been unable to locate estates and/or personal representatives: Miguel Deyne, James Hansen, Robert Snell, Robert Snyder, and Frederick Westerman[1];

    c.  Revision of the name of the defendant originally identified as Oscar Martinez to Ramon A. Martinez; and

    d.  Removal of the defendant identified as Detective McGlothin.

4.    Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."). A request to amend "must generally be granted unless equitable considerations render it otherwise unjust"; such considerations include "undue delay, bad faith, and futility." *Id.* at 204 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993)).

5.    As outlined above, plaintiff seeks leave to amend for permissible purposes and not to promote undue delay or in bad faith. Nor is plaintiff's amendment futile.

6.    Counsel for the City of Philadelphia—the sole counsel to have entered an appearance—confirms that the City of Philadelphia does not oppose the docketing of the Second Amended Complaint.

WHEREFORE, for the foregoing reasons, plaintiff respectfully requests that the Court grant the Motion and permit the docketing of the Amended Complaint.

---

[1] In the Amended Complaint, plaintiff identifies the personal representatives of each of these five deceased defendants as John Doe 1 through John Doe 5. Plaintiff will undertake efforts to compel the opening of estates for each individual and, once accomplished, will seek leave to further amend the pleadings to identify any duly appointed personal representative.

        Respectfully submitted,

        <u>/s/ Jonathan H. Feinberg</u>
        Jonathan H. Feinberg
        ID No. 88227

        <u>/s/ Grace Harris</u>
        Grace Harris
        ID No. 328968

        KAIRYS, RUDOVSKY, MESSING,
         FEINBERG & LIN LLP
        The Cast Iron Building
        718 Arch Street, Suite 501 South
        Philadelphia, PA  19106
        215-925-4400

        <u>/s/ Emma Freudenberger</u>
        Emma Freudenberger*
        Christina Matthias (ID No. 326864)
        Sophia Villarreal*

        NEUFELD SCHECK & BRUSTIN, LLP
        99 Hudson Street, 8th Floor
        New York, NY 10013
        212-965-9081

        *Counsel for Plaintiff*

\* *Admitted pro hac vice*